UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAGEBRUSH SOLUTIONS, LLC,       )
                                )
         Plaintiff,             )
                                )         CIVIL ACTION NO.
VS.                             )
                                )         3:14-CV-2701-G
DAVID-JAMES, LLC,               )
                                )
         Defendant.             )

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant David-James, LLC ("David-James") to dismiss the first amended complaint of the plaintiff Sagebrush Solutions, LLC ("Sagebrush") (docket entry 16). For the reasons stated below, the motion is denied with respect to all of Sagebrush's claims except its negligent misrepresentation claim; as to that claim, Sagebrush is granted leave to replead its negligent representation claim within twenty days of the date of this order.

### I. BACKGROUND

David-James hired Sagebrush as a subcontractor to provide audit services on the Veterans Administration Disability Audits, Contract No. VA798-11-D-0016 ("VA Project"). Plaintiff's First Amended Complaint ("Complaint") ¶ 3.01 (docket

entry 14). David-James paid Sagebrush's first five invoices for services rendered on the VA Project in full. *Id.* ¶ 3.03. However, Sagebrush alleges that after it fully performed, David-James failed to pay four additional invoices totaling $148,715.98. *Id.* ¶¶ 3.02-3.03. David-James contends that the VA Project was a fixed price contract, and that the subcontract between David-James and Sagebrush also was fixed price. David-James, LLC's Memorandum in Support of Motion to Dismiss First Amended Complaint or, Alternatively, Reply to Response to Motion to Dismiss ("Motion") (docket entry 17) at 1-2. David-James also asserts that the entirety of Sagebrush's claimed damages are for "alleged work that exceeded the fixed-price of the 'agreement.'" *Id.* at 2.

On July 28, 2014, Sagebrush filed the instant case and on September 23, 2014, amended its complaint. Sagebrush asserts claims for breach of contract, negligent misrepresentation, *quantum meruit*, and promissory estoppel. Complaint ¶¶ 4.01-4.17. David-James moves to dismiss for failure to state a claim Sagebrush's negligent misrepresentation, *quantum meruit*, and promissory estoppel claims. *See generally* Motion.

## II.  ANALYSIS

### A.  Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be

granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105 (1983). Granting such a motion "is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

### B. Negligent Misrepresentation

To recover on a claim of negligent misrepresentation, a plaintiff must prove:

> (1) the representation [was] made by a defendant in the course of his business, or in a transaction in which [it] has a pecuniary interest;

- 3 -

>(2) the defendant supplie[d] 'false information' for the guidance of others in their business;
>
>(3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and
>
>(4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation.

*People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 708872, at *6 (N.D. Tex. Mar. 7, 2007) (Fish, Ch. J.) (quoting *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). In addition, "[u]nder Texas law, the false information provided must be a misstatement of existing fact rather than a promise of future conduct." *Kinder v. Federal National Mortgage Association*, No. 3:13-CV-4617-G, 2014 WL 4271149, at *7 (N.D. Tex. Aug. 29, 2014) (Horan, M.J.) (finding a promise relating to future loan modifications was a promise of future conduct).

Furthermore, Texas recognizes the economic loss rule, which bars parties from bringing a negligence based claim when the only injury is economic loss. *Elk Corporation of Texas v. Valmet Sandy-Hill, Inc.*, No. 3:99-CV-2298-G, 2000 WL 303637, *3 (N.D. Tex. 2000) (Fish, J.). To determine whether the claim sounds in contract or negligence, and thus whether the economic loss rule applies, courts analyze the conduct at issue and the nature of the injury. *Southwestern Bell Telephone Company v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Yet, "[w]hen the injury is

only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). In such a situation, the plaintiff must show an injury independent of damages for breach of contract in order to recover on the tort claim. *Plano Surgery Center v. New You Weight Management Center*, 265 S.W.3d 496, 502-03 (Tex. App.--Dallas 2008, no pet.).

As discussed above, in order to show a valid claim of negligent misrepresentation and clear the hurdle of the economic loss rule, a plaintiff must show it was injured independently of the existence of a contract. *Id.* Additionally, to classify as negligent misrepresentation, a defendant's promise cannot be for future conduct. *Kinder*, 2014 WL 4271149, at *7. Sagebrush claims negligent misrepresentation based on David-James's alleged misrepresentation that Sagebrush would be compensated for Sagebrush's work as a subcontractor. *See* Complaint ¶¶ 4.15-4.17; Response at 3. While Sagebrush likely relied on these representations, Sagebrush's only recognizable injury seemingly stems from the existing contract between it and David-James. Additionally, the promise allegedly made by David-James was a promise for future payment and thus not a misstatement of existing fact. Accordingly, David-James' motion to dismiss the negligent misrepresentation claim as presently pled is granted. Sagebrush, however, is granted leave to amend its complaint, within twenty days of this date, to replead, if it can, its negligent misrepresentation claim.

C. *Quantum Meruit* and Promissory Estoppel

Under Texas law, a *quantum meruit* claim must include proof that: 1) valuable services were rendered or materials furnished; 2) for the entity sought to be charged; 3) which services and materials were accepted by the entity sought to be charged, used and enjoyed by it; 4) under such circumstances as reasonably notified the entity sought to be charged that the plaintiff in performing such services was expecting to be paid by the entity sought to be charged. *Thompson Advisory Group, Inc. v. First Horizon National Corporation*, No. 3:07-CV-0683-G, 2007 WL 2284352, at *4 (N.D. Tex. July 6, 2007) (Fish, Ch. J.) (quoting *Bashara v. Baptist Memorial Hospital System*, 685 S.W.2d 307, 310 (Tex.1985)). In addition "[r]ecovery under indisputably enforceable contracts precludes recovery in *quantum meruit*, unless an exception applies or it is plausible that the services rendered fall outside of the express contract." *Triumph Aerostructures, LLC v. Lockheed Martin Corp.*, No. 3:10-CV-2030-M, 2011 WL 1336399, at *1, *2 (N.D. Tex. April 6, 2011) (Lynn, J.) (holding while the plaintiff "incorporates into its *quantum meruit* claim paragraphs which assert the existence of an enforceable contract, [the plaintiff] is entitled to plead inconsistent facts in support of alternative claims.") In denying the defendant's motion to dismiss, the *Triumph Aerostructures* court stated that "[w]hile not expressly alleged, it is implicit in the claims that [the plaintiff] may have a claim that it provided services outside a binding contract." *Id.* at *2.

To succeed on a claim of promissory estoppel under Texas law, Sagebrush must prove: (1) the existence of a promise; (2) foreseeability by the defendant that the plaintiff would rely on the promise; and (3) substantial reliance by the plaintiff to its detriment. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.--Houston [14th Dist.] 1999, pet. denied).

David-James asserts that Sagebrush's quasi-contract claims of *quantum meruit* and promissory estoppel are barred as a matter of law because David-James never denied the existence of a contract between the parties. Motion at 2, 5. Federal Rule of Civil Procedure 8 ("Rule 8") allow parties to plead in the alternative, even if theories are inconsistent. FED. R. CIV. P. 8(d)(2), (d)(3). David-James asserts that this rule does not apply in the instant case because there is no dispute that the parties have a contract. Additionally, David-James attempts to distinguish several cases relied on by Sagebrush. Motion at 5-6. For example, David-James argues that unlike the instant case, in *Southwest Agri-Plastics, Inc. v. Hog Slat, Inc.*, No. 3:09-CV-1271-B, 2010 WL 711811 (N.D. Tex. Feb. 26, 2010), there was the "possibility a contract at issue . . . could later be held invalid." Motion at 5 (quoting *Agri-Plastics, Inc.*, 2010 WL 711811, at *6). David-James also attempts to distinguish *Triumph Aerostructures*, *supra*, because in that case the pleadings suggested the plaintiff might have provided services outside of the parties' agreement. Motion at 5-6 (citing *Triumph Aerostructures, LLC*, 2011 WL 1336399, at *2). However, David-James avers that "all

of Sagebrush's claimed damages are for alleged work that exceeded the fixed-price of the 'agreement.'" *See* Motion to Dismiss at 1-2. Thus, David-James recognizes that there is a chance Sagebrush performed outside of the agreement. The court finds that Sagebrush's claims for *quantum meruit* and promissory estoppel survive as alternative claims under FRCP 8, and thus David-James's motion to dismiss these claims is denied.

### III.  CONCLUSION

For the reasons discussed above, David-James's motion to dismiss is **DENIED** with the following exception:  Sagebrush shall have twenty days from the date of this order to replead its negligent representation claim. Failure to file and serve an amended complaint within that time, setting forth this claim with more particularity, will result in dismissal of this claim without further notice.

**SO ORDERED.**

March 9, 2015.

*[signature]*
A. JOE FISH
Senior United States District Judge